OPINION of the Court, by
Judge LogaN.
-^-This,is a suit for land, in which Kemyf* who was the eomplain-.ant below, claims under the following entry, to wit:
“ January 1st, 1783 — Thomas Swearingen enters ,1,000 acres of land on treasury warrants, No. &c. ,_to adjoin on the east side of Isaac Clinkmbeard’s entry of 500 acres on a drain of Stoner’s fork of Licking, pear Donaldson’spre-emption, to be joined in a square as nearly as the vacancy will admit for quantity.”
On the 15th of June 1780, Isaac Clinkinheard entered 500 acres, “ to include a spring where there is a Getty tree marked July 1779, about half a mile up a small branch ofLicking emptying into- Stoner’s fork, aboutfour miles below Stoner’s on the east side thereof, it being the first branch above Peter Donaldson’sland, :tp, begin . at said branch 20 poles below the spring: thence N. W. 100 poles, S. E, 100 poles, and to extend from the-exfrcpie part of said line-northeastwardly, so as to include aspring-at the head of said branch, where there is a Cherry marked July 1779, about the middle between the side line of said tract. ,
Upon this entry depends the validity of the appellant’s entry, which calls to adjoin it on the east side,
An entry, to be good, must either call for and depend immediately upon some object notorious in itself, or contain such a description in reference thereto, as would enable others, upon reasonable diligence, to ascertain the place and appropriate with certainty the ad jacent residuum.
The proof in this case does not exhibit such a degree of notoriety in the frees called for as to - justify the belief that they were sufficiently known thereby, to have been found with probable certainty upon ordinary arid reasonable exertion.
*137 The call for marked trees, not represented as edn-stitutiug the. improvement of any one, unaccompanied with caffs of description, must in the general be vágüe, as not furnishing a guide to lead to them ; unless situated in some conspicuous place, where they were generally noticed, and so distinguished by the marks, as from thecal! to be readily recognized, and known tobe, the trees intended.
With respect to description* this entry is not less objectionable. Instead of four miles below Stoner’s, as represented in the entry, the mouth of the branch claimed as the one called for, is not quite one mile and a half below ; and the marked tree, instead of half a mile, is more than three quarters of a mile up the branch. And although this circumstance would hot be important* were the branch clearly - identified : yet as there are other branches much nearer the distance given in the entry, ivhich alone might render the entry void for uncertainty, a mistake in the distance on the branch to find the object called for, would still increase the uncertainty, if per chance an inquiry had been made for the tree on this branch.
Unless, then, this entry can be saved upon the call, for the “ first branch above Patrick Donaldson’s land,” it must bejvoid for uncertainty.
In June 1780, Patrick Donaldson entered 1000 acres “ on the north side of the south fork of Licking, three miles N. W. of Michael Stoner’s improvemént, including two spings falling from a hill about Sixty poles from the creek, and the same distance apart, including part of the main Creek, and to run up and down and back for quantity.”
Whether this entry was previously made to the entry of Clinkinbeard, is deemed immaterial in this suit to inquire; since wé are of opinion that the proof in the cause does not support it upon its essential locqtive calls. “ Two springs falling from a hill,” as called for by the entry, are not even identified with a description which could satisfy the call in the slightest degree ; though they form the essence of the entry, and are indispensable to its validity.
The decree of the circuit court is therefore correct, fend inust be affirmed with costs. \X